IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

THOMAS E. PEREZ, SECRETARY )
OF LABOR, UNITED STATES )
DEPARTMENT OF LABOR, )
 )
          Plaintiff, )
 )
vs. ) No. CIV-16-1133-W
 )
JANI-KING OF OKLAHOMA, INC., )
 )
          Defendant. )

## ORDER

This matter comes before the Court on the Motion to Dismiss filed by defendant Jani-King of Oklahoma, Inc. ("Jani-King"), pursuant to Rules 12(b)(6) and 12(b)(7), F.R.Civ.P. Plaintiff Thomas E. Perez, Secretary of Labor, United States Department of Labor[1] ("Secretary"), has responded, and Jani-King has filed a reply in support of its challenges to the factual sufficiency of the allegations in the complaint and its arguments that the Secretary has failed to join all required parties.

In determining whether Jani-King's challenges under Rule 12(b)(6), supra, have merit, the Court is guided by the decision of the United States Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). In Twombly, the Supreme Court held in accordance with Rule 8, F.R.Civ.P., that a complaint need not contain "heightened fact pleading of specifics," 550 U.S. at 570, or "detailed factual allegations," id. at 555 (citations

---

[1]Effective January 20, 2017, Edward Hugler was designated Acting Secretary of Labor. The Court has continued to use the style of the action as found on the complaint filed on September 29, 2016, see Doc. 1, and has referred to the defendant by title rather than by name.

omitted), but it must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

The United States Court of Appeals for the Tenth Circuit has stated that Twombly imposes a "burden . . . on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he . . . is entitled to relief." Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008)(quoting Twombly, 550 U.S. at 556). The allegations in the complaint must therefore "be enough that, if assumed to be true, . . . [the Secretary] plausibly (not just speculatively) has a claim for relief [against Jani-King]." Id. (footnote omitted).

The Court's task at this stage is to determine whether "there are well-pleaded factual allegations," Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009), in the challenged pleading; if so, the "[C]ourt should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.[2] "A claim has facial plausibility when the

---

[2]"'The [C]ourt's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted.'" Swoboda v. Dubach, 992 F.2d 286, 290 (10th Cir. 1993)(quotation omitted)(emphasis deleted). That is to say, "the sufficiency of a complaint must rest on its contents alone." Gee v. Pacheco, 627 F.3d 1178, 1186 (10th Cir. 2010) (citation omitted).
Exceptions to this rule however, do exist. When a complaint incorporates documents by reference, e.g., id. (citations omitted), when submitted documents referred to in that paper are central to a plaintiff's claim and the authenticity of those documents is not in dispute, e.g., id. (citation omitted), and when matters exist of which a court should take judicial notice, e.g., id. (citation omitted), the Court in those limited instances is not required to restrict itself to examination of the pleading's allegations.
The Court has carefully considered the Secretary's complaint and the references therein to Jani-King's "business model[,]" Doc. 1 at 4, ¶ 17, and its "invest[ment] in and develop[ment of] an infrastructure[,]" id. ¶ 16, that "enable[es] it to obtain, maintain, and control the essential functions of its janitorial business." Id.; e.g., id. at 1, ¶ 3. In doing so, the Court finds the Secretary's allegations regarding the manner in which Jani-King operates and its relationship with its cleaners are taken, in part, from a Jani-King franchise agreement, a copy of which has been submitted by the defendant. Compare id. at 3, ¶ 11 ("so-called 'franchisees' . . . are required to pay . . . [Jani-King] a franchisee fee") with Doc. 8-1 at 7, § 4.3 ("Franchisee shall pay . . . [Jani-King] . . . initial

2

plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678 (citations omitted). As the Tenth Circuit has recognized, Twombly and Iqbal do not change Rule 8's notice requirement and Rule 12(b)(6)'s requirement that a complaint state a legally recognized claim for relief; these decisions only add the "requirement of plausibility [that] serves . . . to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success[.]" Robbins, 519 F.3d at 1248.[3]

This "requirement of plausibility" thus obligates the Secretary to set forth in his complaint "'either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" Bryson v. Gonzales, 534 F.3d 1282, 1286 (10th Cir. 2008)(quotation and further citation omitted). And, while "[t]he nature and specificity of the allegations required to state a plausible claim will vary

---

franchise fee down payment . . . [and] initial franchise fee monthly payments")(capitalization omitted); Doc. 1 at 4, ¶ 14 (Jani-King "perform[s] all administrative functions . . . including . . . billing and invoicing") with Doc. 8-1 at 11, § 4.8 ("Franchisee agrees that . . . [Jani-King] shall have the exclusive right to perform all billing and accounting functions for the services provided by Franchisee"); Doc. 1 at 4, ¶ 14 (Jani-King "requires that cleaners report to . . . [Jani-King's] office to obtain payment for their work, which . . . [Jani-King] disburses") with Doc. 8-1 at 12, § 4.8.1 ("[o]n the fifth day of each month, . . . [Jani-King] will disburse to Franchisee the amount of money appearing in the 'Due Franchisee Column' of the Franchisee Report for the preceding month"); Doc. 1 at 4, ¶ 16 (cleaners "bear the burden of buying the tools and equipment allowing them to perform cleaning functions") with Doc. 8-1 at 15, § 4.19 ("Franchisee agrees to provide all labor, materials, tools and supplies necessary to provide the [cleaning and/or maintenance] service[s]"). Although the Secretary has urged the Court to disregard this document, the Court finds in light of the Secretary's reliance on the document's terms that this franchise agreement is to some degree central to the Secretary's claim. The Court is therefore permitted to consider, and has examined, the same.

[3]As the Tenth Circuit has stated, "'[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.'" Robbins, 519 F.3d at 1248 (quoting Twombly, 550 U.S. at 555 n.3)(citation omitted).

based on context," Kansas Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1215 (10th Cir. 2011)(citations omitted), neither "'naked assertion[s]' devoid of 'further factual enhancement,'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557), nor "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory allegations, . . . suffice." Id. (citation omitted).

"[T]he Twombly/Iqbal standard recognizes a plaintiff should have at least some relevant information to make the claims plausible on their face." Khalik v. United Air Lines, 671 F.3d 1188, 1193 (10th Cir. 2012). "[I]t demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," Iqbal, 556 U.S. at 678 (citations omitted), and more than "mere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' . . . ." Kansas Penn Gaming, 656 F.3d at 1214 (quoting Twombly, 550 U.S. at 555). If the plaintiff's factual allegations "are 'merely consistent with' [the] . . . defendant's liability," Iqbal, 556 U.S. at 678 (quotation omitted), or "do not permit the [C]ourt to infer more than the mere possibility of misconduct," id. at 679, the plaintiff "has not 'show[n]' . . . 'that [he] . . . is entitled to relief.'" Id. (quotation omitted).

Applying these standards to the allegations in the instant complaint, the Court, to the extent such allegations are well-pleaded, has construed them in the Secretary's favor and accepted them as true, to determine whether Secretary has met his "obligation to provide the 'grounds' of his 'entitle[ment] to relief[.]'" Twombly, 550 U.S. at 555 (citation omitted).

Jani-King is engaged in the commercial cleaning business: as alleged in the complaint, Jani-King "advertises on its website that it has 'provid[ed] janitorial services to customers in the Oklahoma City area since 1969' and satisfies the commercial cleaning

4

needs of customers throughout the Oklahoma City area." Doc. 1 at 1, ¶ 2. The Secretary has alleged that Jani-King "structures its business in a way that attempts to avoid providing its workers with the protections of the [Fair Labor Standards Act of 1938 ('FLSA'), as amended, 29 U.S.C. § 201 et seq.]" Doc. 1 at 1, ¶ 3. According to the Secretary, Jani-King impermissibly "deems [its cleaners ] . . . independent franchise owners," id. ¶ 3, and not "employees[,]" id., and that "[d]ue to this unlawful misclassification, . . . [Jani-King] has violated [FLSA's] . . . recordkeeping requirements . . . ." Id. at 2, ¶ 4.

The Secretary has contended

(1) that Jani-King's "so-called 'franchisees' are in fact laborers who are required to pay [Jani-King] . . . a franchise fee, continuing royalties, and other payments . . . to work jobs such as cleaning carpets and hard floors, disposing of trash, washing windows, and other cleaning services provided to . . . [Jani-King's] clients in the Oklahoma City area[,]" id. at 3, ¶ 11;

(2) that "[a]s a matter of economic reality, . . . [Jani-King's] cleaners are employees . . . [who] are economically dependent on [Jani-King] . . . , [which] . . . permits them to . . . provid[e] cleaning services—a function integral to . . . [Jani-King's] business—on . . . contracts that . . . [Jani-King] negotiates, maintains, and controls[,]" id. ¶ 12;

(3) that Jani-King "controls and owns the . . . contracts that . . . [its] cleaners service[, and] . . . can reassign those contracts from one cleaner to another as [it] . . . chooses[,]" id. ¶ 13;

(4) that even "[i]n th[ose] rare instance[s] when cleaners obtain their own customers and negotiate their own cleaning rates, [Jani-King] . . . can (and does) take [the] contracts away from [those] cleaners and reassigns them to other cleaners[,]" id.;

(5) that Jani-King "also retains the exclusive right to perform all administrative functions relative to cleaners' customers, including sole discretion over all financial aspects of the cleaning contracts such as billing and invoicing[,]" id. at 4, ¶ 14; and

(6) that Jani-King in particular "handles all aspects of how and whether cleaners are paid for the work they perform[,]" id.: "[p]ayment for janitorial work is made directly by customers to [Jani-King] . . . rather than to [the] cleaners directly[,]" id., and Jani-King "requires . . . [its] cleaners [to] report to [Jani-King's] . . . office to obtain payment for their work . . . ." Id.

The Secretary has further alleged in the complaint

(1) that "[i]n most cases, cleaners are not using business skill, judgment, or initiative with respect to the work they perform; nor do they exercise managerial skill in running their 'business[,]'" id. ¶ 15;

(2) that Jani-King instead "controls the flow and assignments of cleaning jobs . . . [and] handles all aspects of marketing and advertising with very few exceptions[,]" id.; and

(3) that "[t]he relative investments of cleaners are minimal compared to those of [Jani-King, which] . . . has invested in and developed an infrastructure enabling it to obtain, maintain, and control the essential functions of its janitorial business[, while the cleaners only] . . . bear the burden of buying . . . tools and equipment . . . ." Id. ¶ 16.

The Court is mindful that while Rule 12(b)(6), supra, "does not require that [the] [p]laintiff establish a prima facie case in h[is] [pleading]," Khalik, 671 F.3d at 1192, an examination of the essential "elements of [the] . . . alleged cause of action [is] help[ful] to determine whether [the] [p]laintiff has set forth a plausible claim." Id. (citations omitted). Accordingly, the Court has considered what elements the Secretary must ultimately

establish to prevail on its FLSA claim, e.g., Burnett v. Mortgage Electronic Registration Systems, Inc., 706 F.3d 1231, 1236 (10th Cir. 2013)(Iqbal's contextual approach means comparing pleading with elements of cause of action), and then "'draw[ing] on its judicial experience and common sense,'" id. (quoting Iqbal, 556 U.S. at 679), the Court has "compar[ed] the [foregoing allegations] . . . with the elements of the cause[ ] of action." Id. (citation omitted); e.g., id. (pleadings that do not allow for at least "reasonable inference" of legally relevant facts are insufficient).

The FLSA provides that

> [e]very employer . . . shall make, keep, and preserve such records of the persons employed by [it] . . . and of the wages, hours, and other conditions and practices of employment maintained by [it] . . . , and shall preserve such records for such periods of time, and shall make such reports therefrom to the Administrator [of the Wage and Hour Division of the United States Department of Labor] as he shall prescribe by regulation[4] or order as necessary or appropriate . . . .

29 U.S.C. § 211(c).

The FLSA deems "it . . . unlawful for any person[,]" id. § 215(a)(5),

> to violate any of the provisions of section 211(c) . . . , or . . . to make any statement, report, or record filed or kept pursuant to the provisions of such section or of any regulation or order thereunder, knowing such statement, report, or record to be false in a material respect.

Id. § 215(a)(5).

---

[4]The related regulation, 29 C.F.R. § 516.2, requires employers to maintain and preserve specific payroll and other records related to their employees, including, but not limited to, the employee's date of birth, if under 19, e.g., id. § 516.2(a)(3), and the employee's sex (which may be indicated by way of the prefixes Mr., Mrs., Miss[ ], or Ms). E.g., id. 516.2(a)(4).

The Secretary has contended that "by classifying its cleaners as independent franchisees when they are, in fact, employees[,]" Doc. 1 at 2, ¶ 4, Jani-King has violated these two statutes because it

> failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them[,]

id. at 5, ¶ 18,

> failed to maintain and preserve payroll or other records regarding each employee containing the name, address, date of birth, and sex and occupation in which each employee is employed[,]

id. ¶ 19, and further

> failed to maintain a weekly record of hours worked, including any hours worked in excess of 40 hours in a workweek.

Id. ¶ 20.

As relief, the Secretary has prayed for a permanent injunction to restrain Jani-King's violations of sections 211(c) and 215(a)(5), e.g., id. at 6, ¶ I (citing 29 U.S.C. § 217), and to compel Jani-King "to make, keep, and preserve . . . records of the persons [it] . . . employ[s] . . . and of the wages, hours, and other conditions and practices of employment [it] maintain[s] . . . ." Id.

In support of its request for dismissal, Jani-King has argued that the Secretary has failed to allege sufficient facts to establish that each of its franchisees qualifies as an "employee" entitled to FLSA protection. In this connection, section 203 defines the term "employer" to

> include[ ] any person acting directly or indirectly in the interest of an employer in relation to an employee . . . .

29 U.S.C. § 203(d). The term "person" is statutorily defined to

mean[ ] an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons.

Id. § 203(a). The FLSA defines the term "employee" to "mean[ ] any individual employed by an employer." Id. § 203(e)(1).

Jani-King has argued that because section 203(e)(1) refers to "employees" as "individuals," business entities cannot be employees. That is to say, according to Jani-King, "a corporate entity can never be an 'individual,' which is a statutory prerequisite to status as an 'employee.'" Doc. 8 at 10. Based on the plain words of the statute, the Court agrees.[5]

The Court further finds, as Jani-King has argued, that the Secretary's conclusory allegation that "all of Jani-King's 'so-called' 'franchisees' are in fact [individual] laborers[,]" Doc. 8 at 10 (quoting Doc. 1 at 3, ¶ 11)(emphasis added), is nothing more than a "'naked assertion[ ]' devoid of 'further factual enhancement[.]'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).

The Secretary has asserted in his complaint that he "brings this action . . . for individuals[,]" Doc. 1 at 3, ¶ 10; yet, he does not distinguish between those "cleaners" or "so-called 'franchisees,'" if any, who are individuals and thus, arguably qualify as "employees" under the FLSA, e.g., 29 U.S.C. § 203(e)(1), and those "cleaners" or "so-called 'franchisees,'" if any, that are not individuals, but may be instead, as the record reflects, "either a corporation or limited liability company." Doc. 8-1 at 15, ¶ 4.16.

---

[5]See Johns v. Stewart, 57 F.3d 1554, 1557 (10th Cir. 1995)(determining "employee" status for purposes of FLSA presents question of statutory interpretation and courts begin with plain language of section 203(e)(1)).

As stated, Rule 12(b)(6), supra, requires the Court first to differentiate between a complaint's factual allegations—which must be accepted as true—from its conclusory and general averments—which need not be credited, and then, to decide whether those factual allegations, taken as true, are sufficient to "allow[ ] the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 663 (citation omitted).

Jani-King may only be held liable for its failure, if any, to "make, keep, and preserve . . . records of," 29 U.S.C. § 211(c), its employees—those individuals it employs. E.g., id. § 203(e)(1). Absent factually-supported allegations in this case that show that each of Jani-King's "cleaners" or "so-called 'franchisees'" are indeed individual "laborers," Doc. 1 at 3, ¶ 10,[6] entitled to protection under the FLSA, the Court finds the allegations in the complaint are not sufficient to support the reasonable inference that Jani-King has violated the FLSA[7] in connection with each and every "so-called 'franchisee[.]'" Id. ¶ 11.[8] Accordingly, dismissal of the complaint is warranted.

---

[6]That the term "employee" has been interpreted expansively in accordance with the FLSA's remedial purpose does not mean the Court can ignore the plain language of the statute. E.g., Tony and Susan Alamo Foundation v. Secretary of Labor, 471 U.S. 290, 295 (1985)(citing United States v. Rosenwasser, 323 U.S. 360, 363 n.3 (1945)); Johns, 57 F.3d at 1557 (courts have interpreted definition of employee broadly to effectuate broad remedial purposes of FLSA).

[7]Because the Court finds dispositive the complaint's lack of plausible allegations that show which of Jani-King's "so-called 'franchisees'" are individuals and thus, entitled to FLSA protection, the Court has not considered Jani-King's remaining arguments under Rule 12(b)(6), supra, and in particular, the "economic realities" test addressed by the parties since that test is used to determine whether an individual qualifies as an "employee" entitled to FLSA protection.

[8]"'Plausibility . . . refer[s] to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiff[ ] 'ha[s] not nudged . . . [his] claim[ ] across the line from conceivable to plausible.'" Robbins, 519 F.3d at 1247 (quoting Twombly, 550 U.S. at 570).

However, because dismissal at this stage would be, under the instant circumstances, without prejudice and the complaint subject to amendment, the Court has further considered Jani-King's arguments under Rule 12(b)(7), supra, which permits dismissal for "failure to join a party under Rule 19[, F.R.Civ.P.]"

In determining whether Jani-King's arguments under these rules have merit, the Court has employed the "three-step process [recognized in this circuit] for determining whether an action should be dismissed for failure to join a purportedly indispensable party[,]"[9] Citizen Potawatomi Nation v. Norton, 248 F.3d 993, 997 (10th Cir. 2001)(citation omitted), opinion modified on reh'g, 257 F.3d 1158 (10th Cir. 2001), and in doing so, the Court has considered, as it is permitted to do, material outside the pleadings, e.g., Citizen Band Potawatomi Indian Tribe v. Collier, 17 F.3d 1292, 1293 (10th Cir. 1994), namely, the Declaration of Jill Hill and the exhibit attached thereto submitted by Jani-King. See Doc. 8-1.[10]

The "purpose of . . . [R]ule [19] is to bring before the [C]ourt all persons whose joinder would be desirable for a just adjudication of the action[.]" 7 C. Wright, A. Miller &

---

[9]The Federal Rules of Civil Procedure no longer ask whether a party is "necessary" in the Rule 19 analysis; they likewise no longer include the term "indispensable." See Republic of Philippines v. Pimentel, 553 U.S. 851, 855-56 (2008)(2007 amendment made three relevant stylistic changes: the word "required" replaced the word "necessary" in subparagraph (a); the factors affecting joinder are set out in separate lettered headings; and the word "indispensable" is altogether deleted from current text)(citing 2007 Advisory Committee's Notes).

[10]"The proponent of a motion to dismiss under 12(b)(7) has the burden of producing evidence showing the nature of the interest possessed by an absent party and that the protection of that interest will be impaired by the absence. The proponent's burden can be satisfied by providing 'affidavits of persons having knowledge of these interests as well as other relevant extra-pleading evidence.'" Collier, 17 F.3d at 1293 (quotation and further citations omitted).

M. Kane, Federal Practice and Procedure § 1604, at 35 (3d ed. 2001). It requires the joinder of any

> person who is subject to service of process and whose joinder will not deprive th[is] [C]ourt of subject-matter jurisdiction[11] . . . if[, for purposes of this litigation,]:
>
> . . . .
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> >
> > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Rule 19(a)(1)(B), supra.

Accordingly, at step one, the Court must decide whether the absent individual cleaners, if any, are required parties; that is, whether, as Jani-King has argued, these cleaners "claim[ ][12] an interest relating to the subject of the action and [are] so situated

---

[11] Jani-King has made no showing in its motion regarding these factors.

[12] Relying in part on cases from other jurisdictions, the Secretary has argued that the absent party itself "must claim in interest in the litigation." As the United States District Court for the District of Colorado has noted, however,

> [w]hile an absent party may be required to affirmatively "claim" its interest in the Second Circuit, Peregrine Myanmar Ltd. v. Segal, 89 F.3d 41, 49 (2nd Cir. 1996), and the Ninth Circuit, Northrop Corp. v. McDonnell Douglas Corp., 705 F.2d 1030, 1043 (9th Cir. 1983), there does not appear to be any such requirement in the Tenth Circuit, see, e.g., Davis v. United States, 192 F.3d 951, 962 (10th Cir. 1999)(finding an absent party to be a necessary party where the absent party did not affirmatively claim an interest, but instead only 'ha[d] an interest relating to' the plaintiff's claim). Indeed, it would be strange to require that an absent party affirmatively claim their interest in the subject of the action. This approach would seemingly offer Rule 19(a)(1)(B)(i)'s protections only to those absent parties who actually know of the litigation where they were not named as a party.

that disposing of the action in the[ir] . . . absence may[ ] . . . as a practical matter impair or impede the . . . [cleaners'] ability to protect th[at] interest[.]" Rule 19(a)(B)(i), supra.[13]

Jani-King, which has the burden at each step, e.g., Davis v. United States, 192 F.3d 951, 958 (10th Cir. 1999), has asserted that its cleaners are required parties because any determination regarding Jani-King's liability under the FLSA could "tacitly eviscerate nearly 100 bargained-for Oklahoma franchisee agreements," Doc. 8 at 5, "have broad [tax and labor law] consequences[,]" id. at 8, and constitute a taking under the fifth amendment to the United States Constitution. Even assuming Jani-King has met its burden in connection with any one of these arguments, the Court finds dismissal is not warranted.

As stated, Rule 19 "provides a provides a three-step process for determining whether an action should be dismissed for failure to join a purportedly indispensable party." Norton, 248 F.3d at 997 (citation omitted)(emphasis added). If the absent person is required, the Court must next determine whether joinder is "feasible." While the parties have debated whether the cleaners are required parties, they have not addressed whether their joinder is feasible—step two of the Court's analysis. Accordingly, because Jani-King has not met its burden at step two,[14] there is no basis for dismissal under Rule 12(b)(7), supra.

---

Insurance Co. of the State of Pennsylvania v. LNC Communities II, LLC, 2011 WL 5548955 *7-8 (D. Colo. 2011).

[13]In its motion, Jani-King focused only on Rule 19(a)(1)(B)(i), supra. See Doc. 8 at 7-9. Accordingly, the Court has not considered Jani-King's argument in its reply that the Secretary "is wrong to suggest that this case does not implicate Rule 19(a)(1)(B)(ii)[, supra]." Doc. 21 at 3.

[14]If the Court determines that joinder is not feasible at step two, it must then proceed to step three and "determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Rule 19(b), supra. As stated, Jani-King has the burden to demonstrate that the requirements of Rule 19(a)(1), supra, are satisfied. It failed to meet this burden. Although Jani-King recognized that feasibility of joinder must be determined

13

Accordingly, the Court, based on the foregoing,

(1) DENIES Jani-King's Motion to Dismiss [Doc. 8] filed on December 19, 2016, to the extent Jani-King has sought dismissal under Rule 12(b)(7), supra; but

(2) GRANTS said motion to the extent Jani-King has sought dismissal under Rule 12(b)(6), supra, and DISMISSES this matter; but

(3) because the Court cannot say at this stage that amendment would be futile under all circumstances and because the Secretary has requested "leave to file an amended complaint to satisfy any concerns the Court may have[,]" Doc. 20 at 23,[15] FINDS

---

before the Court may proceed to determine whether the absent franchisees are "indispensable," see Doc. 8 at 7, it failed to address that issue.

[15]The Court ADVISES the Secretary to take note of the Tenth Circuit's opinion in Max Oil Company, Inc. v. Range Production Company, LLC, 2017 WL 972083 (10th Cir. 2017). In addressing the plaintiffs' request to amend, the appellate court stated:

> Because [the defendants] . . . filed a motion to dismiss, [the plaintiffs were] . . . required to seek leave from the court to amend its petition. Fed. R. Civ. P. 15(a)(2). A judge should "freely give leave when justice so requires." Id. This liberal amendment policy, however, is not without limits. It must be balanced against Fed. R. Civ. P. 7(b)(1), which requires motions seeking a court order to (1) "be made in writing unless made during a hearing or trial," (2) "state with particularity the grounds for seeking the order," and (3) "state the relief sought." Id. Thus, we require a request for leave to amend to "give adequate notice to the district court and to the opposing party of the basis of the proposed amendment before the court is required to recognize that a motion for leave to amend is before it."
>
> [The plaintiffs] . . . made [their] . . . request at the conclusion of [their] . . . opposition to the motion to dismiss. It simply said: "Should the Court determine that [their] petition has flaws, [they] would request the Court grant leave to amend prior to dismissing the case and provide [them] an opportunity to correct the flaws." That familiar refrain, offered as cover for not being specific, is simply inadequate. It did not give the required notice—it did not inform the judge or [the defendants] . . . of the basis for the proposed amendment. We have found similar cursory requests to be insufficient. See, e.g., Calderon [v. Kansas Department of Social and Rehabilitative Services, 181 F.3d 1180, 1185 (10th Cir. 1999)("single sentence, lacking a statement for the grounds for amendment and dangling at the end of [Calderon's] memorandum [in opposition to the motion to dismiss], did not rise to the level of a motion for leave to amend"); see also Garman v. Campbell County

the dismissal of the Secretary's complaint is without prejudice and GRANTS the Secretary twenty-one (21) days to amend his complaint in accordance with Twombly and Iqbal.

ENTERED this 20th day of March, 2017.

LEE R. WEST
UNITED STATES DISTRICT JUDGE

---

School District No. 1, 630 F.3d 977, 986 (10th Cir. 2010)(plaintiff's mere suggestion in opposition to dismissal motion that she be allowed to amend if the court concluded her pleadings were infirm is insufficient motion to amend); Martin v. Hilkey, 460 Fed. Appx. 760, 762-63 (10th Cir. 2012)(unpublished)(statement in middle of opposition to dismissal motion that "in the event this Court finds that Plaintiffs' Complaint is somehow deficient, Plaintiffs' [sic] would simply ask for leave to file an amended complaint which cures any deficiencies" is inadequate)(quotation marks omitted). In each of these cases, we found no abuse of discretion in refusing leave to amend when a proper motion was not presented.

Max Oil *4 (further quotation and citations omitted).