# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VINCENT DE GIOVANNI, MARIETTE BARROS, and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>JANI-KING INTERNATIONAL, INC., JANI-KING, INC., and JANI-KING OF BOSTON, INC.,<br><br>    Defendants. | Exhibit 2<br><br>Docket No. 07-10066 RCL |

## DECLARATION OF MICHAEL H. SEID

I, Michael H. Seid, declare as follows:

**My Background and Qualifications:**

1.  I am the founder and Managing Director of Michael H. Seid & Associates, LLC ("MSA"), a provider of domestic and international franchise advisory services.

2.  I graduated from Long Island University with a B.S. degree in Accounting in 1975. During the period 1970 through 1976, I was a member of the US Army Reserves and was honorably discharged in 1976 with the rank of Staff Sergeant. During the course of my professional career, I have served at various times as a senior operations officer, financial executive, consultant, and accountant for companies within the franchise, retail, restaurant, hospitality, healthcare, education, and services industries. From 1987 through the present, I have primarily been a consultant to the franchise industry.

3. I am a frequent speaker at programs for the International Franchise Association ("IFA") and various other retail and professional organizations. The IFA is the oldest and largest franchise association in the United States. Its members include both franchisors and franchisees.

4. I have lectured and written for the ABA Forum on Franchising and the IFA Legal Symposium. I have lectured at several universities and law schools, including St. Thomas University, Georgetown Law School, New York University School of Law, Benjamin N. Cardozo School of Law, Nova University, the University of Arizona, Johnson & Wales University, and MIT Sloan School of Management.

5. I have published numerous articles on franchising. I am the author of Franchising for Dummies, 2nd Edition published by Wiley Publishing, Inc. My co-author for Franchising for Dummies, 1st Edition, was the late Dave Thomas, founder of Wendy's International.

6. I have consulted, both domestically and internationally, for companies on the appropriateness of franchising, licensing, and other methods of downstream distribution of products and services, as well as the design and development of franchise and licensing systems. MSA and I have provided services in virtually every area of franchising, including franchise sales programs, systems development, manuals, training programs, marketing, expansion strategies, real estate selection, site development, franchisee advisory councils, franchisee relations, crisis management, litigation support, and the strategic restructuring of established companies.

7. MSA is a member of the IFA Supplier Forum. I have personally served in the past as the Chairman of the Board of Directors of the Supplier Forum. As Chair of the Supplier Forum, I was also a member of the Board of Directors of the IFA and a participant on its Executive Committee. In addition to serving on the IFA Board as Chair of the Supplier Forum, I

responding to communications with outside government and regulatory authorities in the conduct of their businesses.

- Franchisees are responsible for filing fictitious name filings with the appropriate government authorities.

- Franchisees are able to resign from any customer's account, at their choosing, upon prescribed written notice to the franchisor. Franchisees may resign from accounts regardless of how resignation impacts Jani-King's relationship with the customer.

- Franchisees may reject accounts offered to them by the franchisor.

- Franchisees may up-sell customers on additional work and accept or reject additional work offered to them by customers.

- Franchisees are not reimbursed for their travel or related expenses and are able to claim those expenses on their tax returns.

- Franchisees may not be terminated at will.

- Franchisees may select their own risk advisors and select insurance coverage at limits higher than specified by their franchise agreements.

- Franchisees are to able sell their businesses and retain any profits or incur any losses on those transactions.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

October 29, 2009                        /s/ Michael H. Seid
                                                 Michael H. Seid

## CERTIFICATE OF SERVICE

    I, **Kerry L. Bundy**, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be served by regular U.S. mail upon any nonregistered participants this 29th day of October, 2009.

                                                                /s/ Kerry L. Bundy

fb.us.4524503.05

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| VINCENT DE GIOVANNI, MARIETTE BARROS, and all others similarly situated,<br><br>     Plaintiffs,<br><br>v.<br><br>JANI-KING INTERNATIONAL, INC., JANI-KING, INC., and JANI-KING OF BOSTON, INC.,<br><br>     Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Docket No. 07-10066 MLW |

**SECOND DECLARATION OF MICHAEL H. SEID**

I, Michael H. Seid, declare as follows:

**My Background and Qualifications**

1. I provided the Court with a declaration dated October 29, 2009. I will not unnecessarily repeat that declaration. But, for the convenience of the Court, I will restate my background and qualifications.

2. I am the founder and Managing Director of Michael H. Seid & Associates, LLC ("MSA"), a provider of domestic and international franchise advisory services.

3. I graduated from Long Island University with a B.S. degree in Accounting in 1975. During the period 1970 through 1976, I was a member of the U.S. Army Reserves and was honorably discharged in 1976 with the rank of Staff Sergeant. During the course of my professional career, I have served at various times as a senior operations officer, financial executive, consultant, and accountant for companies within the franchise, retail, restaurant,

hospitality, healthcare, education, and services industries. From 1987 through the present, I have primarily been a consultant to the franchise industry.

4. I am a frequent speaker at programs for the International Franchise Association ("IFA") and various other retail and professional organizations. The IFA is the oldest and largest franchise association in the United States. Its members include both franchisors and franchise owners.

5. I have lectured and written for the ABA Forum on Franchising and the IFA Legal Symposium. I have lectured at several universities and law schools, including St. Thomas University, Georgetown Law School, New York University School of Law, Benjamin N. Cardozo School of Law, Nova University, the University of Arizona, Johnson & Wales University, Harvard Business School and MIT Sloan School of Management.

6. I have published numerous articles on franchising. I am the author of *Franchising for Dummies*, 2nd Edition, published by Wiley Publishing, Inc. My co-author for *Franchising for Dummies*, 1st Edition, was the late Dave Thomas, founder of Wendy's International.

7. I have consulted, both domestically and internationally, for companies on the appropriateness of franchising, licensing, and other methods of downstream distribution of products and services, as well as the design and development of franchise and licensing systems. MSA and I have provided services in virtually every area of franchising, including strategic and tactical planning, franchise sales programs, systems development, manuals, training programs, marketing, expansion strategies, real estate selection, site development, franchise owner advisory councils, franchise owner relations, crisis management, litigation support, and the strategic restructuring of established companies.

Personnel, for example, provides the same accounting services to its franchise owners as Jani-King. The Express Personnel franchise agreement states at Section IV.A.1.a that the franchisor "will administer all accounting and bookkeeping records concerning payrolls, billings, accounts receivable and payroll taxes for associates." Similarly, page 20 of Express Personnel's franchise agreement provides as follows:

> We [the Express Services franchisor] shall submit all bills to clients for all associates furnished and shall instruct clients to remit payment directly to Us. You shall not render bills or statements to clients, but shall use Your best efforts to collect bills in accordance with the policies and procedures in the Express Procedures Manual. If payment of any bill is made payable to You, payment shall be deemed to have been received in trust for Us, and You shall not deposit or convert the funds received and shall immediately forward the same, properly endorsed, to us.

This Express Personnel Agreement is Exhibit G to my October 29, 2009, declaration. Providing accounting and billing services is not the same as performing commercial cleaning.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: October 22, 2010                                   s/ Michael H. Seid
                                                          Michael H. Seid

Certificate of Service

I hereby certify that this Second Declaration of Michael H. Seid, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be served by regular U.S. mail upon any nonregistered participants on this 22nd day of October, 2010.

                                         s/ Eileen M. Hunter
                                         Kerry L. Bundy

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

VINCENT DE GIOVANNI,
MARIETTE BARROS, and all others
similarly situated,

        Plaintiffs,

v.

JANI-KING INTERNATIONAL, INC.,
JANI-KING, INC., and
JANI-KING OF BOSTON, INC.,

        Defendants.

Docket No. 07-10066 MLW

## THIRD DECLARATION OF MICHAEL H. SEID

I, Michael H. Seid, declare as follows:

1. I provided the Court with two previous declarations, dated October 29, 2009 and October 22, 2010. This declaration supplements the opinions set forth in my prior declarations.

2. In connection with rendering the opinions set forth in this declaration, I have reviewed several materials, including the following:

    a.    Declaration of Donald A. Burleson dated March 23, 2007;
    b.    Declaration of Dawn Dockery in Opposition to Plaintiffs' Motion for Summary Judgment dated October 29, 2009;
    c.    Second Declaration of Dawn Dockery dated September 17, 2010;
    d.    Declaration of Donald A. Burleson dated September 17, 2010;
    e.    Deposition of Joseph Goffredo dated January 11, 2011;
    f.    Deposition of Dawn Dockery dated January 13, 2011;
    g.    Deposition of Jose Mota dated March 10, 2011;
    h.    Deposition of Joao B. Bastos dated April 4, 2011;
    i.    Deposition of Dulce H. Amado dated April 5, 2011;
    j.    Deposition of John Nichols dated April 6, 2011;

        k.        Deposition of Douglas Furrier dated April 14, 2011.

I have also reviewed my prior declarations, report, and supporting materials.

        3.        Based on my experience in and knowledge of the franchise industry, together with my review of the above-referenced documents, I am re-affirming the opinions I set forth in my October 22, 2010 declaration. Additionally, the deposition testimony of the various franchise owners supports my conclusions that the day-to-day activities, responsibilities, and controls they have over their businesses are substantively distinct from the activities and responsibilities of Jani-King of Boston and Jani-King International as franchisors. The material roles and responsibilities of the Jani-King franchise owner are substantially identical to those activities performed by franchise owners in other franchise systems. Equally important, the material roles and responsibilities of Jani-King of Boston and Jani-King International as franchisors are substantially identical to the activities of franchisors throughout the United States.

## I. Jani-King Franchise Owners Perform Substantively Distinct Activities from the Franchisor

        4.        Jani-King franchise owners manage the day-to-day affairs of their businesses. Included in the ordinary operations of their businesses are the following activities:

(a) providing cleaning services to their commercial accounts; (b) recruiting and managing their employees and independent contractors; (c) purchasing, warehousing, and transporting the necessary equipment and supplies used to clean their commercial accounts;

(d) interacting with existing customers (including the sale of additional services, modification of existing services, changes to cleaning schedules, changes to contract pricing, etc.) and recruiting new customers; and (e) handling banking, legal and regulatory

the franchise owners and center around the same functions of franchisors in any given franchise system: selling franchises; training franchise owners; supporting franchise owners; and enforcing system-wide standards.

24. Similarly, the activities of Jani-King International are set forth in the Declaration of Don Burleson. Based on my review of that declaration, together with my discussions with Jani-King management, and my knowledge of the Jani-King system, the activities of Jani-King International are distinct from those of the franchise owners and are similar to those of any other franchisor in any given franchise system: developing the intellectual property and proprietary materials for the Jani-King franchise system; developing and marketing the Jani-King brand; supporting and overseeing Jani-King corporate regional offices, and supporting franchise owners to the extent their assistance is requested.

25. In summary, the deposition testimony and other materials that I have reviewed reinforce to me that the services and activities franchise owners primarily perform are distinct from what Jani-King of Boston and Jani-King International primarily do. Or, as Mr. Nichols put it, "they [Jani-King] do their thing, and I do mine." (Ex. C at 25.)

26. Furthermore, my review leads me to re-affirm my opinion that the functions that Jani-King franchise owners perform are similar to the functions franchise owners perform in other typical franchise systems across the franchising industry. Examples of those similarities can be found throughout my October 22, 2010 Declaration. (*See e.g.*, Dkt. No. 166 ¶¶ 16, 17, 18, 19, 24, 33, 34, 38, 51, 57 and 58.)

I declare under penalty of perjury that the foregoing is true and correct.


Dated: May 18, 2011					s/ Michael H. Seid
							Michael H. Seid