# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

EUGENE SCALIA, )
SECRETARY OF LABOR, )
UNITED STATES DEPARTMENT )
OF LABOR, )
         )
       Plaintiff, )
         )
v. )           **Case No. CIV-16-1133-G**
         )
JANI-KING OF OKLAHOMA, INC., )
         )
       Defendant. )

## ORDER

Now before the Court is a Motion to Compel (Doc. No. 88) filed by Defendant Jani-King of Oklahoma, Inc. (or "JKO"). Plaintiff Eugene Scalia, the Secretary of Labor, has responded (Doc. No. 99), and Defendant has replied (Doc. No. 107).

### I.    *Background*

Plaintiff brought this lawsuit under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., alleging that Defendant, a janitorial company that provides cleaning services, has violated the FLSA by failing to classify certain workers as "employees" and by failing to comply with the FLSA's recordkeeping requirements. *See* Am. Compl. ¶¶ 1-5 (Doc. No. 23). The parties have been engaging in discovery since March 2019.

On February 12, 2020, Defendant filed its Motion to Compel, arguing that Plaintiff should be required to produce (i) unredacted versions of certain interview statements of former JKO franchise owners and (ii) an unredacted version of a document identified as

the "FLSA Narrative," which was prepared by officials in the Department of Labor ("DOL") during their pre-lawsuit investigation. *See* Def.'s Mot. at 2; *see also id.* Ex. 1 (Doc. No. 88-1) at 2-3 (Def.'s Interrog. No. 1), 7-10 (Def.'s Req. Production Nos. 1-8, 10). Defendant additionally requests that the Court conduct an in camera inspection of the unredacted interview statements of current JKO franchisees to determine whether Plaintiff's privilege assertions are proper and, if not, order production. *See* Def.'s Mot. at 2, 12. Plaintiff objects, contending that Defendant has not shown a need for any of these documents that supersedes its proper assertion of government privileges and that an in camera inspection is unnecessary. *See* Pl.'s Resp. at 1.

## II. *Discussion*

### A. *Plaintiff's Invocation of Privilege*

In responding to certain of Defendant's Requests for Production, Plaintiff objected that the requested documents are protected by the informant's privilege[1] or the deliberative-process privilege.[2] *See, e.g.*, Def.'s Mot. Ex. 1, at 10 (Plaintiff's response to Request for Production No. 10). Defendant argues that Plaintiff failed to properly invoke these privileges, as their assertion by the government must be supported by a declaration or affidavit. *See* Def.'s Mot. at 10-11.

---

[1] "The qualified privilege that a government can invoke to prevent disclosure of the identity and communications of its informants." *Black's Law Dictionary* (11th ed. 2019).

[2] "[A] privilege protecting a person acting in an official government . . . capacity from compulsory disclosure of the person's mental impressions and thought processes behind a decision." *Black's Law Dictionary* (11th ed. 2019).

In response, Plaintiff cites authority for the proposition that these privileges need not be formally invoked until the government is required to respond to a motion to compel. *See* Pl.'s Resp. at 17 (citing *In re Sealed Case*, 121 F.3d 729, 741 (D.C. Cir. 1997) (finding no "obligation" for the White House "to formally invoke its privileges in advance of the motion to compel" when it had properly responded to subpoena); *Solis v. New China Buffet # 8, Inc.*, No. 5:10-CV-78 (CAR), 2011 WL 2610296, at *2 (M.D. Ga. July 1, 2011) ("The formal invocation of the privilege . . . need not come until the Government is faced with a motion to compel."). Plaintiff also supplies a Declaration from the Administrator of the DOL Wage and Hour Division, in which the Administrator declares under penalty of perjury that she has personally reviewed the relevant materials and that the statements would reveal and adversely affect the individuals. *See* Admin. Decl. ¶ 7 (Doc. No. 99-2). In the Declaration, the Administrator formally invokes both the informant's privilege and the deliberative-process privilege. *See id.* ¶¶ 11, 13.

Based on the submissions, the Court rejects Defendant's challenge to Plaintiff's invocation of these two privileges. *See Perez v. El Tequila, LLC*, No. 12-CV-588-JED-PJC, 2014 WL 12652310, at *1 (N.D. Okla. Nov. 18, 2014) (rejecting challenge to invocation of the informant's privilege where declaration by DOL official showed that he was "familiar with the facts of the case," had "personally examined the documents at issue," and had "determined that producing them would reveal the identities of the informants contrary to the privilege").

### B. The Franchisee Interview Statements

Prior to commencement of this litigation, Plaintiff interviewed current and former JKO franchise owners. *See* Def.'s Mot. at 1-2; Pl.'s Resp. at 7 n.1. In responding to Defendant's discovery requests, Plaintiff supplied interview statements (as well as a privilege log, *see* Doc. No. 88-2), but with significant portions redacted based upon Plaintiff's assertion of the informant's privilege. *See* Doc. Nos. 88-3, 88-4, 88-5.

### 1. The Informant's Privilege

The government informant's privilege is designed to protect the identity of persons who furnish information of violations of law to officers charged with enforcement of that law. *See Roviaro v. United States*, 353 U.S. 53, 59 (1957); *see also Brock v. Gingerbread House, Inc.*, 907 F.2d 115, 116 (10th Cir. 1989). The Tenth Circuit has stated that the privilege "is arguably stronger" in civil matters than in criminal prosecutions "because the constitutional guarantees assured to criminal defendants are inapplicable." *In re Search of 1638 E. 2nd St.*, 993 F.2d 773, 775 (10th Cir. 1993).

The informant's privilege serves to "further[] and protect[] . . . the public interest in effective law enforcement." *Roviaro*, 353 U.S. at 59; *see also Perez v. El Tequila LLC*, No. 12-CV-588-JED-PJC, 2014 WL 5341766, at *5 (N.D. Okla. Oct. 20, 2014) ("The Secretary's interest in maintaining the informers' privilege is the public interest in enforcement of the FLSA."). Courts upholding the privilege deny the opposing party "not only . . . the names of the informers but also the statements in the government's possession." *Wirtz v. B. A. C. Steel Prods., Inc.*, 312 F.2d 14, 16 (4th Cir. 1962). Although a primary rationale for the privilege is to protect the anonymity of the informer and guard

against reprisal, *see Wirtz v. Cont'l Fin. & Loan Co. of W. End*, 326 F.2d 561 (5th Cir. 1964), "[t]he government is entitled to assert the privilege without showing that reprisal or retaliation is likely." *In re Search of 1638 E. 2nd St.*, 993 F.2d at 774. Indeed, "the government is granted the privilege as of right," given the underlying policy considerations and the difficulty of proving that any such retaliation is likely. *Dole v. Local 1492, Int'l Bhd. of Elec. Workers*, 870 F.2d 368, 372 (7th Cir. 1989) (citing cases).

The informant's privilege is not absolute, however, as the discovery rights of the defendant "must be balanced against the privilege." *El Tequila*, 2014 WL 5341766, at *3; *accord In re Search of 1638 E. 2nd St.*, 993 F.2d at 774. The defendant can overcome the assertion of the privilege at the discovery stage of litigation only by showing "a substantial need for the information" that supersedes the need for the privilege. *Gingerbread House*, 907 F.2d at 116; *see also El Tequila*, 2014 WL 5341766, at *3; *In re Search of 1638 E. 2nd St.*, 993 F.2d at 774.

### 2. Discussion

Defendant objects that Plaintiff's assertion of the privilege is overbroad and inconsistent and that Plaintiff particularly has no need to assert this privilege as to interviewees who are no longer JKO franchise owners. *See* Def.'s Mot. at 4-7. In response, Plaintiff argues that Defendant fails to show a substantial need for the redacted information and thus the assertion of the informant's privilege cannot be overcome regardless of Defendant's objections. *See* Pl.'s Resp. at 6-11.

As referenced above, Defendant must provide a "credible need for the information" that is "greater than the important policy consideration underlying the privilege." *Local*

*1492*, 870 F.2d at 373. The Court will balance Defendant's discovery rights against the privilege, but "absent extraordinary circumstances," "the evidentiary rule recognizing a qualified privilege applies in preliminary proceedings not determinative of the merits of a controversy." *El Tequila*, 2014 WL 5341766, at *3 (alteration and internal quotation marks omitted).

Defendant first asserts that it has a substantial need because it must "know what policies or practices the Secretary alleges are improper and the identity of those making the accusation" in order to "assess the strength of the Secretary's case" and make better defensive decisions. Def.'s Mot. at 7-8. Regarding the policies and practices, the Court is persuaded that the Amended Complaint adequately reveals the conduct that is alleged by the Secretary to be violative of the FLSA. *See, e.g.*, Am. Compl. ¶¶ 1, 4-5, 19-22; *see also Acosta v. Jani-King of Okla., Inc.*, 905 F.3d 1156, 1161 (10th Cir. 2018) ("[T]he amended complaint asserts that Jani-King—the sole defendant in the case—violated the FLSA by failing to keep records for its 'employees,' defined in the pleading as 'individuals who personally perform the janitorial cleaning work as designated by [Jani-King].' Jani-King has full notice of the alleged wrongdoing." (citation omitted)).

Regarding the identity of the interviewees, Plaintiff argues that Defendant, as the franchisor, is already privy to the identities of the past and current franchisees and that both parties have been permitted to take franchisees' depositions in this litigation. *See* Pl.'s Resp. at 8-9. Defendant replies that locating and interviewing all of the former JKO franchisees would be a waste of resources, *see* Def.'s Reply at 2. Defendant's vague assertion does not establish a "substantial need" for disclosure that overrides the need for

the privilege, given that at least 18 franchisees already have been deposed. *See Gingerbread House*, 907 F.2d at 117 (reversing an order to produce informer identities to employer where employer had access to other employees' statements and the terms of employment); *El Tequila*, 2014 WL 5341766, at *5 (denying employer's motion to compel informer statements where employment records relevant to the FLSA claims were within employer's knowledge and possession).

Defendant's objection that it will be unfairly prejudiced absent prompt disclosure is undermined by the Scheduling Order entered in this case, which states:

> Plaintiff is not required . . . to identify witnesses protected by the informant's privilege [on its final list of witnesses-in-chief]. Plaintiff will be required to identify those witnesses in the Final Pretrial Report when listing witnesses who will be called or who may be called in Plaintiff's case-in-chief, and as to any witness not previously identified by Plaintiff, Defendant shall be afforded an opportunity to depose that witness within the time determined by the Court at the final pretrial conference.

Sched. Order of Mar. 4, 2019 (Doc. No. 48) at 2 n.2. This approach comports with Tenth Circuit authority. *See, e.g.*, *Gingerbread House*, 907 F.2d at 117 ("[T]he pre-trial conference is the appropriate occasion generally for identification of witnesses.").

Finally, Defendant's contention that it requires the full interview statements in order to effectively prepare its defense fails to adequately demonstrate a substantial need that supersedes the need for the privilege. Defendant fails to provide specifics as to why the statements are necessary, and "[t]he privilege will not yield" "to permit a mere fishing expedition" or "upon bare speculation that the information may possibly prove useful." *Local 1492*, 870 F.2d at 373. Further, as noted by Plaintiff, Defendant's concern about

delay is undermined by the fact that Defendant retained the redacted interview statements for nearly a year before filing its Motion now, shortly before the discovery deadline

Defendant's "failure to show a substantial need for the requested breach of confidentiality at the discovery stage tips the scales in favor of the government." *El Tequila*, 2014 WL 5341766, at *5 (internal quotation marks omitted). Accordingly, Defendant's request to compel the unredacted statements of the former franchisees and for in camera review and production as to the current franchisees is denied.

### C. The FLSA Narrative

The FLSA Narrative is a 20-page document addressing the DOL's prelitigation investigation of JKO and the entity's relationship with its franchisees. The document was produced to Defendant with various portions redacted due to Plaintiff's assertion of the informant's privilege and the deliberative-process privilege. *See* Doc. No. 88-7.

Citing Federal Rule of Evidence 612, Defendant claims that the document should be produced sans redactions, despite the assertion of privilege, because Shane Tackett, a DOL investigator, testified that he reviewed the unredacted version of the FLSA Narrative prior to being deposed on August 27, 2019. *See* Def.'s Mot. at 8-10; Tackett Dep. (Doc. No. 88-8). Rule 612 prescribes in relevant part:

> (a) Scope. This rule gives an adverse party certain options when a witness uses a writing to refresh memory:
>
> > (1) while testifying; or
> >
> > (2) before testifying, if the court decides that justice requires the party to have those options.
>
> (b) Adverse Party's Options; Deleting Unrelated Matter. Unless 18 U.S.C. § 3500 provides otherwise in a criminal case, an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the

> witness about it, and to introduce in evidence any portion that relates to the witness's testimony. If the producing party claims that the writing includes unrelated matter, the court must examine the writing in camera, delete any unrelated portion, and order that the rest be delivered to the adverse party. Any portion deleted over objection must be preserved for the record.

Fed. R. Evid. 612(a)-(b).

Plaintiff first implies that Rule 612(b) does not require production of the FLSA Narrative because Mr. Tackett did not rely upon the document to "refresh" his memory prior to testifying. *See* Pl.'s Resp. at 13-14. This argument is meritless. Mr. Tackett testified that he reviewed and "skimmed" the document, which is dated December 23, 2015, and whose initial contents he had assisted in creating, during the week preceding his deposition. *See* Tackett Dep. 60:25-61:3, 61:25-62:22. Tackett stated that the version he reviewed did not have redactions included. *See id.* 61:4-10. Mr. Tackett additionally testified regarding his contribution to the document, as well as his agreement with its current material aspects. *See id.* 61:25-62:13, 62:23-63:1. This testimony reasonably reflects that Mr. Tackett's testimony was "influenced" by the FLSA Narrative and that he used the document to refresh his memory prior to testifying, as contemplated by Rule 612(a)(2). *Audiotext Commc'ns Network, Inc. v. US Telecom, Inc.*, 164 F.R.D. 250, 254 (D. Kan. 1996); *see* Victor Gold, 28 *Federal Practice and Procedure (Wright & Miller): Evidence* § 6183 (2d ed. Supp. 2019) ("A writing is used to 'refresh memory' when it enables a witness who suffers from loss of memory to recall at the time of his testimony matters he perceived in the past."); *see also* Tackett Dep. 62:14-20 (Mr. Tackett testifying that his review of the unredacted FLSA Narrative "somewhat" refreshed his recollection as to the case file and prelitigation investigation).

Next, Plaintiff argues that even if the FLSA Narrative is rendered discoverable by Rule 612(b), that fact does not negate the assertion of privilege or require disclosure of the privileged portions of the document. *See* Pl.'s Resp. at 14-16 (citing Fed. R. Evid. 612 advisory comm.'s note (1974) ("The Committee intends that nothing in the Rule be construed as barring the assertion of a privilege with respect to writings used by a witness to refresh his memory.")). As referenced by Defendant, most courts now reject the proposition that "the protection afforded by a privilege . . . always is waived with respect to a writing whenever that writing is used to refresh memory." Gold, *supra*, § 6188 (discussing an "absolute waiver" approach); *see, e.g.*, *Broadway Park, LLC v. Hartford Cas. Ins. Co.*, No. CIV-05-584-M, 2007 WL 42995, at *3 (W.D. Okla. Jan. 5, 2007) ("Rule 612 does not specifically authorize an adverse party to review writings that are protected by the attorney-client privilege or the work-product doctrine.").

Instead, more frequently the courts apply "a test that balances the interests promoted by recognizing Rule 612 rights in the adverse party against the burden those rights impose on . . . privilege protections." Gold, *supra*, § 6188. The factors applied in these decisions that tend to weigh in favor of the adverse party include" the inability of the adverse party to obtain access to the matters revealed by the writing" through other means and "heavy reliance" on the document by the witness. *Id.* Factors that tend to weigh in favor of retaining privilege protections include "the use of a writing to refresh memory before rather than during testimony" and an indication that the request is made as part of a fishing expedition. *Id.*

Having considered these factors and others addressed by various courts, the Court finds that although Rule 612 renders the document subject to being produced during discovery—as, indeed, it already has been—the balance of the relevant principles comes down in favor of the exercise of privilege by Plaintiff to specific portions therein. As outlined above, prior to trial Defendant will gain knowledge of, as well as the ability to conduct discovery regarding, those individuals who will be called as witnesses by Plaintiff. The portions of Mr. Tackett's testimony provided to the Court do not reflect "heavy" reliance upon the Narrative or any particular reliance upon the redacted portions, although he does offer relevant opinions. Mr. Tackett reviewed the document prior to rather than during his testimony, and as with the witness statements discussed above Defendant's broad argument of substantial need fails to adequately demonstrate a sufficient basis for immediate disclosure of the redacted portions. *See generally Audiotext Commc'ns Network*, 164 F.R.D. at 254 ("A party must delve thoroughly into the circumstances in order to furnish an adequate basis to use Rule 612 as a tool to obtain disclosure of an otherwise protected document where existence is uncovered in connection with a deposition." (alteration, omission, and internal quotation marks omitted)).

For all these reasons, Defendant's request for the unredacted FLSA Narrative is denied.

## CONCLUSION

As outlined above, Defendant's Motion to Compel (Doc. No. 88) is DENIED, with each party to pay its own expenses. The hearing currently set on the Motion for April 6, 2020, is hereby STRICKEN.

IT IS SO ORDERED this 2nd day of April, 2020.

CHARLES B. GOODWIN
United States District Judge