## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| EUGENE SCALIA, | ) | |
| SECRETARY OF LABOR, | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF LABOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-16-1133-G |
| | ) | |
| JANI-KING OF OKLAHOMA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

Now before the Court is the Motion to Stay Case (Doc. No. 120) filed by Defendant Jani-King of Oklahoma, Inc.  Plaintiff Eugene Scalia, the United States Secretary of Labor, has responded (Doc. No. 122), and the Motion is now at issue.

### I.    *Background*

 Plaintiff brought this lawsuit under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., alleging that Defendant, a janitorial company that provides cleaning services, has violated the FLSA by failing to classify certain workers as "employees" and by failing to comply with the FLSA's recordkeeping requirements. *See* Am. Compl. ¶¶ 1-5 (Doc. No. 23).  Currently pending are the parties' motions for summary judgment and a motion to exclude expert testimony.  *See* Doc. Nos. 95, 100, 102.

In its Motion, Defendant informs the Court that the Department of Labor ("DOL") recently issued a Notice of Proposed Rulemaking, which proposes "to introduce a new part to Title 29 of the Code of Federal Regulations setting forth its interpretation of the FLSA

as relevant to the question whether workers are 'employees' or are independent contractors under the Act." Independent Contractor Status Under the Fair Labor Standards Act, 85 Fed. Reg. 60600, 60600 (Sept. 25, 2020) (to be codified at 29 C.F.R. pts. 780, 788, 795). Specifically, the proposed rule "would adopt general interpretations" of the courts' and DOL's longstanding "economic reality" inquiry but would also "sharpen" this inquiry into five separate factors, with two of the factors "afforded greater weight" than any others. *Id.* This new rule would be the DOL's "sole and authoritative interpretation of independent contractor status under the FLSA," aiming to "significantly clarify . . . how to distinguish between employees and independent contractors under the Act." *Id.* at 60600-01.

II.     *Defendant's Request to Stay Proceedings*

Defendant argues that because the currently pending summary-judgment motions ask the Court to apply the Tenth Circuit's current construction of the economic realities test, the DOL's proposed guidance as to proper consideration of that test and its factors "will be helpful to the Court" in assessing the parties' arguments regarding Defendant's franchise owners. Def.'s Mot. at 9; *see also id.* at 3-9 (addressing the proposed rule and its effect on each relevant factor in the context of this lawsuit). Public comments on the proposed rule were due October 26, 2020, and it is reported that the DOL is attempting to complete the rulemaking process by the end of 2020. *Id.* at 2. Accordingly, Defendant requests that the Court abate consideration of the parties' summary-judgment motions until the final rule takes effect and that the Court allow supplemental briefing at that time.

Plaintiff opposes any stay of this matter, emphasizing that the proposed rule has—at present—no legal effect and contending that a stay will result in unnecessary delay. *See* Pl.'s Resp. at 1-2.

The Court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). "[T]he burden is on the party seeking the stay to show that there is a pressing need for delay and that the other party will not suffer harm from entry of the stay order." *Fed. Deposit Ins. Corp. v. First Nat'l Bank & Tr. Co. of Okla. City*, 496 F. Supp. 291, 293 (W.D. Okla. 1978).

Having weighed the "competing interests," *Landis*, 299 U.S. at 255, the Court finds that a stay of proceedings is warranted. While the mere issuance of the proposed rulemaking does not affect this lawsuit, Plaintiff does not dispute that the implementation of a new final rule would materially affect disposition of the issues currently pending before the Court. *Cf.* Pl.'s Mot. Summ. J. (Doc. No. 100) at 8, 27-54 (arguing that Defendant's franchise owners are "employees" under the FLSA based upon application of the economic realities test); Def.'s Mot. Summ. J. (Doc. No. 102) at 5-7, 37-53 (arguing that Defendant's franchise owners are not "employees" based upon application of that test). Although this litigation was initiated in 2016, it has been continued for various important reasons, including an interlocutory appeal. The delay contemplated by Defendant's Motion is not excessive and will not work harm upon Plaintiff. Allowing the parties and the Court to address the effect of the DOL's forthcoming guidance prior to a ruling on the dispositive motions will promote judicial efficiency.

Accordingly, the Court will order a stay of proceedings for the present.  If no final rule is published and placed into effect within a reasonable period of time, however, the Court shall consider reopening this matter and proceeding with the pending motions.

## CONCLUSION

Considering the parties' arguments and the case record, the Court concludes that a stay of proceedings is appropriate and GRANTS Defendant's Motion (Doc. No. 120).  This case shall be ADMINISTRATIVELY CLOSED pending further order of the Court.[1]

IT IS FURTHER ORDERED that the parties shall notify the Court in writing no later than January 15, 2021, as to the status of the rulemaking and as to whether any relevant final rule has been issued.

IT IS SO ORDERED this 25th day of November, 2020.

CHARLES B. GOODWIN
United States District Judge

---

[1] *See sPower Dev. Co. v. Colo. Pub. Utils. Comm'n*, No. 17-cv-00683-CMA-NYW, 2018 WL 5996962, at *4, *7 (D. Colo. Nov. 15, 2018) (ordering that case be administratively closed to allow completion of state rulemaking proceedings).